IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MONIQUE NICOLE LOPEZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-CV-679-Y |
| | § | |
| JOE KEFFER, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.    PARTIES**

Petitioner Monique Nicole Lopez, Reg. No. 56176-112, is a federal prisoner currently incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell.

## C. PROCEDURAL HISTORY

The record reflects that while on parole from a state court conviction, petitioner was arrested on March 5, 2009, and charged in the United States District Court for the Central District of California on new criminal charges. (Resp't App. at 2; Pet. at 5) The state court revoked parole, and petitioner remained in the primary custody of the State of California. (Resp't App. at 2) On June 3, 2009, petitioner was temporarily released to federal custody pursuant to a writ of habeas corpus ad prosequendum to answer the pending federal charges in the Central District of California. (*Id.* at 2) While in the temporary federal custody of the United States Marshal Service (USMS) from June 3, 2009, to December 30, 2009, petitioner continued to serve her state sentence and received credit toward the state sentence for the time spent in federal custody. (*Id.*) Petitioner was released to parole in her state case on December 30, 2009, and thereafter transferred into the primary custody of the USMS pending resolution of the federal charges. (*Id.* at 2, 4) On March 28, 2011, petitioner pleaded guilty and was sentenced in the Central District of California to a term of 51 months on one count of conspiring to distribute and possess methamphetamine with intent to distribute. (*Id.* 6) The judgment was silent as to whether the federal sentence was to run concurrently or consecutively to any other sentence. (*Id.* 6-9)

By way of this petition, petitioner challenges her sentence calculation by the Federal Bureau of Prisons (BOP). The BOP has calculated her 51-month sentence as commencing on March 28, 2009, the date the sentence was imposed, and has awarded her prior custody credit towards her federal sentence for the 452 days she spent in federal custody from December 31, 2009, to March 27, 2011. (*Id.*) According to petitioner, she is entitled to additional prior custody credit for time spent in federal custody from March 5, 2009, the date of her arrest by federal authorities, to the

2

present, or, at the very least, from June 1, 2009,[1] the date her state sentence was "terminated" and she was transferred to federal custody, to the present. Petitioner further claims that her federal sentence was to run concurrent to her state sentence. (Pet. at 5-7) Petitioner sought administrative relief, in part, to no avail. (Resp't App. at 5)

**D. DISCUSSION**

Respondent claims the petition should be dismissed based on petitioner's failure to fully exhaust her administrative remedies, or, in the alternative, denied on the merits. (Resp't Resp. at 2-7) Petitioner did not reply to respondent's response.

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10, within twenty days; and finally to the BOP's Central Office, via a form commonly referred to as a BP-11, within thirty days. (Resp't Resp. at 2-3) If, at some level, the prisoner does not receive a response within the time allowed for reply, the prisoner may consider the absence of a response to be a denial at that level. *Id.* § 542.18.

---

[1] June 3, 2009, is the actual date petitioner was transferred to the USMS pursuant to the writ of habeas corpus ad prosequendum.

Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

The government has submitted the declaration of Henry Davis, a Management Analyst at the Designation and Sentence Computation Center of the BOP. (Resp't App. at 1-5) Davis avers that, by way of his employment, he has access to records maintained by the BOP and that petitioner has not fully exhausted her administrative remedies as to her current complaints by completing the third level, an appeal to the Central Office. (*Id.* at 4-5) Nor has petitioner alleged or presented evidence through exhibits that she has exhausted the administrative process. To the contrary, she asserts she has been trying to "resolve this matter through the proper channels" but did not receive a response to her BP-9 in a timely manner so as to appeal to a higher level. (Pet. at 2) Although petitioner did apparently proceed through level two, there is nothing to suggest she proceeded through level three. (Resp't App. at 5) Thus, the petition should be dismissed for failing to exhaust administrative remedies.

Further, petitioner's claims are without merit. When assessing federal sentence calculations, there are two related yet distinct issues: (1) when service of the sentence commenced, and (2) the extent to which the defendant should be awarded credit for time spent in custody prior to commencing his or her sentence. 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation

to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
  **(1)** as a result of the offense for which the sentence was imposed;
or
  **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
*that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).

Section 3585(b) dictates that petitioner is not entitled to credit on her 51-month federal sentence because the time at issue was credited to her state sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). The Supreme Court has explained that when Congress enacted the statute it "made clear that a defendant could not receive a double credit for his [or her] detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). In accordance with the statute, BOP Program Statement 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Consequently, petitioner is not entitled to credit against her 51-month federal sentence for any time credited to her state sentence. This includes the time she was on federal writ ad prosequendum. *United States v. Cibrian*, No. 09-40048, slip copy, 2010 WL 1141676, at *2 (5th Cir. Mar. 24, 2010) (not designated for publication); *Richardson v. Outlaw*, 274 Fed. Appx. 353, 353-54, 2008 WL 1747085, at *1 (5th Cir. Apr. 15, 2008) (not designated for publication). Habeas corpus ad prosequendum acts only as

5

"a 'loan' of the prisoner" to another sovereign without transferring primary custody. *Richardson*, 274 Fed. Appx. at 353-54, 2008 WL 1747085, at *1)

Finally, 18 U.S.C. § 3584(a), provides:

> (a) **Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added).

There is no constitutional right to concurrent sentences. *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). The federal criminal judgment is silent as to whether petitioner's 51-month sentence should run concurrent to her previous state sentence. (Resp't App. at 7) Such silence invokes the presumption that the federal sentence would be consecutive to any term of imprisonment imposed at a different time. *See* 18 U.S.C. § 3584(a); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *United States v. Hernandez*, 234 F.3d 252, 256-57 (5th Cir. 2000). Thus, petitioner's 51-month sentence is presumed to run consecutively to her state sentence.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that the petition for writ of habeas corpus be DISMISSED on exhaustion grounds.

# III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 20, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

# IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 20, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

7

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 30, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE